```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**FERNANDO T. TELLO,**

                  **Petitioner,**

          v.                              CASE NO. 04-3385-RDR

**WILLIAM HARRISON, JR., et al.,**

                  **Respondents.**

<u>**MEMORANDUM AND ORDER**</u>

     This is a petition for writ of habeas corpus, 28 U.S.C. 2241, filed upon payment of the fee by an inmate of the United States Disciplinary Barracks, Fort Leavenworth, Kansas (USDB). An Order to Show Cause issued, respondents filed an Answer and Return or in the Alternative, Motion to Dismiss; petitioner filed a Traverse; and respondents filed a Response to Traverse. Having considered all the materials filed, the court finds as follows.

<u>**FACTS**</u>

     The following facts set forth in the A & R, are supported by exhibits from the record, and are not refuted by petitioner. Petitioner is a former member of the United States Air Force. He pled not guilty to 2 specifications of sodomy with a child under the age of 12, 2 specifications of indecent acts upon a child under the age of 12, and one specification of indecent liberties with a child under the age of 16. His crimes were against his

daughter and step daughter. He was tried by general court-martial in Arizona on February 29, and March 1-3, 2000. Petitioner went AWOL on March 3, 2000, during his court-martial proceedings. He was convicted "in absentia[1]," and sentenced to 10 years confinement and a dishonorable discharge. The convening authority approved the sentence in June, 2000. In September, 2000, petitioner turned himself in at an Air Force base in Arizona and was placed in military confinement.

Petitioner then appealed his court-martial by filing an Assignment of Errors in the United States Air Force Court of Criminal Appeals (AFCCA) in October, 2000. The errors raised were: (1) whether two specifications should have been dismissed for violation of the statute of limitations, (2) whether the evidence of guilt of another specification was factually sufficient, and (3) whether his defense counsel examined the record of trial prior to authentication as required by Military Court-Martial Rule 1103(i)(1)(B). The AFCCA found the evidence legally insufficient to prove that one specification of sodomy and one of indecent acts occurred within the statute of limitations. The court set aside the findings of guilt for those

---

[1] During an Article 39(a) session, the military judge determined the accused was absent from the proceedings voluntarily, and they should proceed in his absence. He cited Rules for Courts-Martial 804(b)(1), and military case law as providing that "an accused may be tried in absentia when he voluntarily absents himself from the proceedings after arraignment" and that such voluntary absence "is a waiver of the accused's right to be present." A&R (Doc. 8) Exh. 2.

2

two specifications and reassessed petitioner's sentence of confinement from 10 to 8 years. Petitioner's other claims were considered on the merits and denied. A&R (Doc. 8), Exhib. 9, <u>United States v. Tello</u>, ACM 34120 (AFCCA, Nov. 16, 2001, unpublished).

Petitioner then filed a Petition for Grant of Review in the United States Court of Appeals for the Armed Forces (CAAF) claiming the AFCCA erred in reassessing his sentence itself rather than ordering a sentencing rehearing; and the AFCCA's application of Article 66(c) review violated military case law. The CAAF affirmed the decision of the AFCCA. A&R (Doc. 8) Exhib. 11, <u>United States v. Tello</u>, Crim.App.No. 34120, Dkt.No. 02-0185 (CAAF Dec. 16, 2002, unpublished).

On January 22-24, 2001, petitioner was tried by general court-martial for desertion, found guilty and sentenced to 209 days confinement. This sentence was approved by the convening authority. Petitioner did not submit an assignment of errors to the AFCCA concerning his court-martial conviction for desertion, but after the findings and sentence were affirmed by the AFCCA, he petitioned the CAAF for a grant of review, which was denied. Petitioner was represented by counsel throughout both his trials and direct appeals. The direct appeal process having been completed for both convictions, the convening authority ordered petitioner dishonorably discharged from the Air Force in June,

3

2003.

Petitioner was considered for and denied parole by the Air Force Clemency and Parole Board (Board) on February 19, 2003, and March 18, 2004. He alleges the Board denied parole because he elected not to participate in the Chemical Abuse Program (CAP). He states he chose not to participate in CAP at USDB because it is not accredited.

In June, 2004, petitioner filed a pro se Petition for Writ of Habeas Corpus asking the CAAF to review (1) his contention that under Bureau of Prison Program Statement 5100 and Form BP-15[2] he is qualified for preferential treatment for custody level classification and clemency; (2) the Board's rationale in denying him parole in March, 2004; and (3) his claim of psychological abuse from USDB staff. The CAAF denied the petition on July 7, 2004.

**CLAIMS**

In his Petition before this court, Tello claims his confinement is illegal because (1) he was "not afforded . . . preferential treatment" accorded to "those who voluntarily turn themselves in;" (2) he has been denied parole for declining to take Chemical Abuse Program (CAP) classes, which are not

---

[2] Respondent provides evidence that the Federal Bureau of Prisons has no Form BP-15. A&R (Doc. 8) Exhib. 22. Respondent also exhibits Program Statement 5100.07 which deals with custody classification at Bureau of Prisons' institutions.

accredited; (3) his military habeas petition was denied by the CAAF "without involving petitioner;" (4) he was denied his right to assistance of counsel on his military habeas and to petition its denial by the CAAF to the United States Supreme Court; (5) the CAAF's review of his claims was not full and fair, and "it is probable" he was denied full and fair review by the military justice system during his appeal of his court-martial.

**DISCUSSION**

**DENIAL OF PREFERENTIAL TREATMENT**

Petitioner claims he was denied equal protection of the law in that he was not afforded the preferential treatment he alleges is afforded to prisoners confined within the Federal Bureau of Prisons who voluntarily turned themselves in.  In his habeas before the CAAF, petitioner contended that "Bureau of Prison Policy Statement 5100 and Form BP-15 qualifies me for preferential treatment when applying for custody level classification and clemency."

It does not appear petitioner raised this claim during either of his courts-martial.  Thus, the court is not convinced that military judicial remedies have been fully and properly exhausted on this claim.  If there were some authority providing that petitioner was entitled to preferential treatment during either of his courts-martial, then the claim must have been raised in

5

the first instance at that proceeding. Otherwise, it was waived.

In any event, petitioner has provided no convincing legal authority in support of this claim. The Federal Bureau of Prisons' Program Statement cited by him applies to federal, civilian prisoners and does not create such a right in military prisoners at the USDB. Nor does he make any showing that other prisoners at the USDB have received preferential treatment under the cited regulations, while he has not.

Finally, respondents rationally allege that petitioner's surrender could not have been considered at his first court-martial since he was AWOL during that proceeding and the surrender did not occur until months later. They point out that it was considered during his court-martial for desertion. In sum, the court finds petitioner's claim that he was entitled to preferential treatment is not supported by legal authority, is not shown to have been properly presented to the military courts, and is refuted by the fact that his surrender was considered during his court-martial on desertion.

Petitioner also claims he was denied effective assistance of counsel in that his attorney did not notify him of his right to preferential treatment or seek such treatment for him during his sentencing, direct appeals or parole hearings. Petitioner's voluntary surrender was considered in the only court-martial subsequent to it. Defense counsel at his first court-martial can

6

hardly be deemed ineffective for failing to present it before it even occurred.

**DENIAL OF PAROLE**

Petitioner claims Due Process was violated by the Board's denial of parole for his refusal to participate in the prison's CAP.  As factual support, he alleges the CAP at the USDB is not accredited; many communities will not accept unaccredited programs so they have to be retaken on parole; the CAP program at the USDB can "do more harm than good;" and CAP does "not have the 'credentials' to be . . . reason for parole denial."  In March 2004, petitioner filed a "USDB Form 510" grievance seeking proof that the treatment programs at the USDB are not accredited.  A&R (Doc. 8) Exhib. 19.  The reply was that the USDB is accredited, and individual treatment plans are audited and reviewed by an inspection team, but not accredited independently.

The allegations made in support of this claim by petitioner do not establish a federal constitutional violation.  He alleges no facts supporting his conclusory statement that the CAP program at the USDB can do more harm than good.  Even accepting his allegations that a particular treatment program at the USDB is not individually "accredited" and he may be required to participate in a similar treatment program while on parole, no violation of Due Process is evident.  Tello presents no authority

or argument which convinces this court that treatment programs at the USDB must be "independently accredited" before the Board can rely upon non-participation in such programs in denying parole.

Moreover, the statement of reasons by the Board for denying Tello parole does not indicate that his non-participation in CAP was the sole reason for denying his parole. Exhibit 17 attached to the A&R (Doc. 8) is a copy of the Notice[3] to Tello from the Board as to its decision to deny parole on February 19, 2003. The notice provides:

> The Board noted you have participated in some facility rehabilitation programs, but you have not yet completed recommended crime-specific treatment programs. Therefore, in light of the seriousness of your crime, the Board determined you are not ready for the responsibilities of parole. You will not be considered a good parole candidate until you have participated in recommended facility programs in a meaningful way or dealt with the issues that led to your confinement. Moreover, the Board concluded you should serve more of your sentence to confinement as a deterrent.

Attached to Tello's Petition is a copy of the military habeas action filed by him, asking the CAAF to review the rationale of the Board's denial of his parole on March 18, 2004; and a "copy of the Department of the Air Force Clemency and Parole Board Memorandum denying parole" in March, 2004. Id., Exhibit 18. The

---

[3] The 2003 notice informed Tello that he could appeal his parole denial through his facility commander within 30 days. However, Air Force Instruction 31-205 (April 7, 2004) provides there is no right of appeal from a clemency decision of the Board." A&R (Doc. 8) Exh. 25. Petitioner does not show either that he fully exhausted available administrative remedies or that none are available. However, because his claims are frivolous, the court does not digress to require a showing of exhaustion.

2004 Notice provided the same reasons as the 2003 notice, but included: "Additionally, you are not ready to address your substance abuse issues."

Petitioner's claim that his rights have been violated based on either that he should not be required to participate in a program that is not accredited, or that parole was denied for his non-participation in a program that is not accredited, is frivolous. Parole decisions are discretionary, and an inmate's choice between the opportunity to gain favorable parole status or decline that opportunity by refusing to participate in a treatment program does not rise to the level of a Due Process violation. See Gwinn v. Awmiller, 354 F.3d 1211, 1226-27 (10th Cir. 2004), cert. denied, 125 S.Ct. 181 (Oct. 4, 2004).

Petitioner complains of denial of counsel at his parole hearings, but presents no authority or argument establishing that he had a constitutional right to counsel at these administrative hearings. Nor does he explain why he failed to assert the claim of entitlement to preferential treatment before the Board himself if he had some basis for such a claim. He mainly challenged the requirement that he participate in the CAP.

**DENIAL OF COUNSEL AND ACCESS TO COURTS IN MILITARY HABEAS**

Petitioner claims he was denied access to counsel and the courts when his habeas petition before the CAAF was docketed,

9

argued and decided without involving him. He further implies he was denied the right to petition the denial of his military habeas to the United States Supreme Court because he was not provided with assistance of Air Force Defense Appellate counsel to pursue such an appeal.

It is well-settled that there is no constitutional right to counsel in habeas corpus proceedings. Respondent shows that under the Code of Military Justice petitioner was entitled to and was provided counsel during his courts-martial and direct appeals. However, there is no provision requiring that counsel be appointed during a military habeas action. Petitioner presents no contrary authority and this court is aware of none establishing that he had a constitutional or statutory right to counsel at any stage of his military habeas proceedings including filing a petition for writ of certiorari to the United States Supreme Court.

Furthermore, once a habeas action is filed, it may be decided on the record without a hearing or other appearance by petitioner. The facts stated by petitioner in support of this claim do not indicate a denial of access to the courts or assistance of counsel.

**MILITARY REVIEW NOT FULL AND FAIR**

Petitioner's claims that the CAAF's review of the issues in

10

his habeas petition was not "full and fair," and he was "probably" denied full and fair review by the Military Justice System during the appeal of his court-martial are conclusory, and not supported by sufficient factual allegations.

His claims that he has never had a civilian court review his alleged errors does not amount to a federal constitutional violation. The Constitution grants Congress "plenary control over rights, duties, and responsibilities in the framework of the Military Establishment, including regulations, procedures, and remedies related to military discipline." Weiss v. United States, 510 U.S. 163, 177 (1994); see U.S. Const. art. I, § 8, cl. 14. Congress has exercised its control over military discipline through the Uniform Code of Military Justice, which "establishes an integrated system of investigation, trial, and appeal that is separate from the criminal justice proceedings conducted in the U.S. district courts." United States v. Dowty, 48 M.J. 102, 106 (1998), cert. denied, 525 U.S. 879 (1998). Although there are many similarities between civilian and military criminal proceedings, and the military courts frequently look to civilian statutes for guidance, the military and civilian justice systems are separate as a matter of law. See id. Congressional intent to separate military justice from the federal criminal system, is evidenced by the military's distinct and comprehensive criminal code." Dowty, 48 M.J. at 111.

The court finds that petitioner's claims are conclusory and frivolous, and no basis for federal habeas corpus relief is stated.

**IT IS THEREFORE BY THE COURT ORDERED** that respondent's Motion to Dismiss (Doc. 8) is sustained and this action is dismissed and all relief denied.

DATED:  This 2nd day of November, 2005, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge
